RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3/30/06
GH

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **CHRISTIE LYNN JOHNSON** | * | **CIVIL NO. 05-1339** |
| **VERSUS** | * | **JUDGE HAIK** |
| **FARMERS STATE BANK & TRUST CO.** | * | **MAGISTRATE HILL** |

## REASONS FOR JUDGMENT

On March 28, 2006, this Court entered an Order dismissing with prejudice the Plaintiff's Federal Sexual Discrimination claim made under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as it is time barred. Plaintiff's claim under Title I of the Americans with Disabilities Act ("ADA") is also dismissed with prejudice, as the claim was not timely made.

The Court issues the following written reasons for its ruling:

## BACKGROUND FACTS

Plaintiff Christie Lynn Johnson was employed by Defendant Farmers State Bank & Trust Company from June 1993 until her resignation in February 2005. She was hired as a part-time teller at the Cankton branch right after she graduated

from High School. In July 1994, Plaintiff was promoted to a full-time teller position, and transferred to the Church Point branch. In 1998, Plaintiff received a promotion to a loan clerk position. In May 2000, Plaintiff was promoted to loan secretary.

In April 2004, Troy Kibodeaux, Senior Vice President and CFO, created a manager-trainee position. This was done in response to reorganization of the duties of the bank's officers. The manager-trainee position was mainly created to collect delinquent loans and coordinate litigation of problem loans. The qualifications for the manager-trainee position were (1) a college degree in business, (2) collections experience, and (3) management experience. Plaintiff did not express interest in the position, had no college degree, and had no collections or management experience, so she was not considered for the position.

Mr. Kibodeaux sought external candidates for the manager-trainee position. A banking colleague told him about a recent college graduate with a business degree, who also had bank management experience named Brent Noel. Mr. Noel was interviewed, it was learned that he fit all of the qualifications for the position, and he was offered the position. Mr. Noel was hired on or about April 22, 2004.

On April 28, 2004, Plaintiff contacted Mr. Kibodeaux regarding the hiring of Mr. Noel. Plaintiff did not apply for the manager-trainee position, and did not express interest in the position until it had already been filled.

The Plaintiff, a Louisiana Citizen, filed her original complaint in Louisiana State Court on September 17, 2004. The complaint alleges that the Defendant, a Louisiana Citizen Corporation, violated Louisiana Employment Discrimination Law. In the Plaintiff's original complaint, she stated that the Defendant's allegedly "discriminatory employment practices were revealed to (Plaintiff) approximately April 27, 2004."

On December 3, 2004, Plaintiff took leave from work as she was suffering from depression. Plaintiff was advised in several letters sent by Bank Officers to return to work by February 14, 2005, as her leave had expired. Plaintiff did not return to work, and Defendant treated her failure to return to work as though Plaintiff had resigned.

On March 7, 2005, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

On June 29, 2005, Plaintiff was granted leave to file an amended complaint, in which she added a federal cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and/or Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq..

On July 25, 2005, Defendant filed Notice of Removal, pursuant to 28 U.S.C. § 1441(a). The parties are non-diverse, so the matter was removed based on

Federal Question Jurisdiction.

## APPLICATION OF FACTS TO FINDINGS

The plaintiff alleges that she was discriminated against because of her depression, which did not manifest until she discovered that the Manager Trainee position she desired had been filled. Her claim under the ADA is untimely, as she did not suffer from depression at the time that the hiring decision was made. The Plaintiff's claim of discrimination under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., therefore, has no merit, and is hereby dismissed with prejudice.

Plaintiff's Title VII claim of sexual discrimination is time barred, and is hereby dismissed with prejudice. Under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful practice occurred, or within 300 days in a state that has an administrative agency available to address complaints of employment discrimination, such as Louisiana.

As Plaintiff learned of Mr. Noel's hiring on or before April 27, 2004, she should have filed a claim on or before February 21, 2005. Plaintiff did not file her claim with the EEOC until March 7, 2005. More than 300 days elapsed between the time that the alleged unlawful practice occurred, and her filing a claim with the EEOC.

Based on the reasons set forth above, the Court finds that the Title VII Sex Discrimination Claim was not timely filed, and is hereby dismissed. This matter was to be heard in Federal District Court by virtue of the Title VII claim, and as the claim is dismissed for being untimely filed, the Plaintiff's Louisiana State law claims remain, and the case is hereby Remanded to State Court.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 29th day of March, 2006.

CHIEF JUDGE RICHARD T. HAIK, SR.
WESTERN DISTRICT OF LOUISIANA